# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

STEVEN P. DEL MAURO
Direct dial: (973) 565-2037
sdelmauro@mdmc-law.com

January 11, 2011

**VIA ECF & OVERNIGHT MAIL**

Honorable Mary L. Cooper, U.S.D.J.
Clarkson S. Fisher Building &
United States Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

   Re: **Principal Life Insurance Company v. Irwin Levine, et als.**
      **Docket No. 3:10-cv-04373(MLC)(TJB)**
      **MDMC File No. P4165-1159**

Dear Judge Cooper:

  This firm represents Principal Life Insurance Company ("Principal Life") in the above-captioned matter. This is a case that concerns what has become known as "stranger or investor owned life insurance" on the life of Mr. Irwin Levine that not only involves persons who have no insurable interest in his life but also the submission of applications that contain complete fabrications regarding Mr. Levine's net worth and income. This insurance fraud procured a $5 million policy on Mr. Levine's life. The Irwin Levine Irrevocable Life Insurance Trust (the "Trust") is the owner and beneficiary of the policy. Principal Life seeks to rescind the policy based upon the submission of fraudulent statements in the application and filed its Complaint on the last day of the two-year contestability period provided under the policy.

NEWARK, NEW JERSEY  RIDGEWOOD, NEW JERSEY  NEW YORK, NEW YORK  DENVER, COLORADO  PHILADELPHIA, PENNSYLVANIA

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 2

     Based upon our discussion with Mr. Levine's attorney and spouse, Mr. Levine's signature on the policy application was forged by persons who we do not yet know and Mr. Levine never created a life insurance trust. According to Mr. Levine's attorney and spouse, any signature on the life insurance trust agreement is completely forged. Defendants, including trustees of the Trust, the broker who procured the policy, and others whose identities are not yet known, are alleged by Principal Life to be individuals who applied for life insurance on Mr. Levine's life without his knowledge or consent by forging his signature on the application and fraudulently creating the Trust to serve as owner and beneficiary. Mr. Levine never paid any premium for the policy and, at this time, we do not know who funded the payment of the premiums that were paid in the name of what may be the fraudulent and fictitious Trust.

     What follows are the efforts undertaken by Principal Life to achieve service. Principal Life has successfully achieved service on defendant Levine. Mr. Levine's attorney executed a waiver of service of summons form that was filed with the Court on January 6, 2011. A copy of the waiver is enclosed for Your Honor's ease of reference. As to the other defendants, despite our diligent efforts, we have not been able to achieve personal service on these defendants. It is our belief that these defendants, consistent with our fraud claims against them, provided false addresses to Principal Life.

     Defendant Adam Good is the designated trustee of the Trust who resigned in February 2009. During the entire time Mr. Good served as trustee the address provided to Principal Life for the Trust was 28 Richmond Avenue; Deal, NJ 07723. All notices of premiums due were sent to this address while Mr. Good was the designated trustee. On October 29, 2010, this office sent to Mr. Good a request to waive service and a waiver of service form to 28 Richmond Lane; Deal,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 3

NJ 07723. Our mailing to Mr. Good at this address was not returned and we received no response from Mr. Good. On November 1, 2010, we attempted personal service on Mr. Levine at this address through Guaranteed Subpoena. A representative of Guaranteed Subpoena indicated that Mr. Good did not live at this address. It is our belief that Mr. Good is an attorney licensed to practice in New York. A search conducted by our office of the New York lawyers' directory found an Adam Good with a home address of 310 E Houston Street, Apt 5E, New York, NY 10002-1189 and a business address of 364 Maspeth Ave Brooklyn, NY 11211. We attempted personal service on Mr. Good at both addresses. However, the process service informed us that the doorman to that building at 310 E Houston Street indicated that Mr. Good moved from that building approximately three months ago. We have requested a forwarding address from the postmaster. As of this date, we have been unable to achieve personal service on Mr. Good at the business address provided in the New York lawyers' directory. In a further effort to obtain Mr. Good's address, our office contacted Joseph A. Churgin, Esq. of Savad Churgin, who had represented the Trust in 2009. According to Mr. Churgin, he did not know whether he could accept service on behalf of the Trust or whether he still even represented the Trust. Mr. Churgin advised that he would look into the matter to see if he could accept service for Mr. Good's addresses. We have not heard from Mr. Churgin since that conversation, and remain unable to locate Mr. Good despite our continued efforts.

Defendant Esther Weiss is the successor trustee to the Trust. Principal Life received a notice of the change of trustee in January 2010. On December 21, 2009, Ms. Weiss executed an authorization permitting Principal Life to release information to Mr. Churgin. The address for the Trust was listed on the authorization as 710 N. Main Street, Spring Valley, New York 10977,

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 4

and we attempted service on Ms. Weiss at that address. On July 26, 2010, Weiss changed the address of the Trust to 822 Oliver Street; Woodmere, NY 11598, and we attempted service on Ms. Weiss at that address. As of this date, the process server has been unable to achieve personal service on Ms. Weiss at both 710 N. Main Street and 822 Oliver Street addresses. Investigation of these addresses has revealed 710 N. Main Street; Spring Valley, New York 10977 is the business address for Safeside Insurance Brokerage, and 822 Oliver Street; Woodmere, NY 11598 is associated with Alan, Eli, and Ronna Rubenstein. Additionally, despite our request, Mr. Churgin has not provided us with an address at which to serve Ms. Weiss.

Defendant Chava Steiner is the insurance broker who produced and assisted in the procurement of the policy insuring the life of Mr. Levine. On the producer information form dated May 13, 2008, Ms. Steiner indicated her home address was 8 Truman Avenue, Ste. 1, Spring Valley, NY 10097. On October 29, 2010, this office sent a request to waive service and a waiver of service form to Ms. Steiner at 8 Truman Avenue, Ste. 1, Spring Valley, NY 10097. Our mailing to this defendant at this address was not returned and we received no response from Ms. Steiner. On November 1, 2010, we unsuccessfully attempted personal service on Ms. Steiner at this address through Guaranteed Subpoena. The process server indicated that the owner of the property never heard of Ms. Steiner. Our investigative resources obtained a home address of 10 Miele Rd., Monsey, NY 10952, and a business address of 57 Washington Avenue, Ste. 1, Spring Valley, NY 10977 for Ms. Steiner. We attempted personal service at both addresses to no avail.

In addition to our aforementioned efforts, this office has hired investigators and we are using our internal investigative resources to locate the current whereabouts of Mr. Good, Ms.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 5

Weiss, and Ms. Steiner to achieve personal service which is more desirable than and a necessary predicate to achieving service by publication.

Respectfully, we ask this court to extend the time provided by the Federal Rules of Civil Procedure to achieve personal service on these defendants. Rule 4(m) states in relevant part:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m).

The Third Circuit has required courts to extend time for service under Rule 4(m) where the plaintiff demonstrates good cause. McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d. Cir. 1998). "Good cause" has been equated with the concept of "excusable neglect," as defined in Rule 6(b)(2), which "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecoms. Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d. Cir. 1995) (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)). If good cause exists, the extension must be granted. Boley v. Kaymark, 123 F.3d 756, 758 (3d. Cir.1997); see also Rule 4(m).

Courts have considered three factors in determining the existence of good cause: (1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve. See MCI, supra, 71 F.3d at 1097. Further, even if good cause does not exist, the District Court must

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 6

consider whether to grant a discretionary extension of time. See Petrucelli, supra, 46 F.3d at 1307-08 (noting that under Rule 4(m) "the district court must consider whether any other factors warrant extending time even though good cause was not shown" (emphasis added)).

Here, good cause exists to extend time in which to achieve service. This office has made every possible effort to locate and serve these defendants. Not only have we attempted service at the address provided by these defendants to Principal Life, we have employed our own investigative resources and hired outside investigators to locate Mr. Good, Ms. Weiss, and Ms. Steiner. Despite continued efforts to serve these defendants at every address obtained through our investigation, these defendants have, thus far, evaded service. The false addresses provided by Mr. Good, Ms. Weiss, and Ms. Steiner to Principal Life are part of a series of lies that are the basis of our fraud claims. Principal Life should not be penalized by dismissal of its claims for the same fraudulent misconduct for which it seeks redress. As Principal Life's Complaint, was filed on the last day of the contestability period, Principal Life will be severely prejudiced by dismissal. In contrast, these defendants will not be prejudiced an extension of the time prescribed by Rule 4(m). Accordingly, good cause exists for Principal Life's inability to serve Mr. Good, Ms. Weiss, and Ms. Steiner and additional time should be permitted for Principal Life to locate and serve these defendants.

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Honorable Mary L. Cooper, U.S.D.J.
January 11, 2011
Page 7

Therefore, we respectfully request an extension of time in which to serve these defendants.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Steven P. Del Mauro

VGP:kws
Enclosure
cc:   John T. Bazzuro, Esq. (w/encl)

1542016_1

MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Plaintiff, Principal Life Insurance Company

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>IRWIN LEVINE IRREVOCABLE TRUST DATED MAY 15, 2008, ADAM GOOD, TRUSTEE OF THE IRWIN LEVINE IRREVOCABLE TRUST DATED MAY 15, 2008, AND IRWIN LEVINE,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>3:10-cv-04373 (MLC) (TJB) |

## CIVIL ACTION – WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

TO: Steven P. Del Mauro
McElroy, Deutsch, Mulvaney & Carpenter
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Counsel for Plaintiff,
Principal Life Insurance Company

I, John T. Bazzurro, Esq., acknowledge receipt of your request that I waive service of the summons and complaint on behalf of Irwin Levine in an action entitled Principal Life Insurance Company v. Irwin Levine Irrevocable Trust Dated May 15, 2008,

1509363v4

I agree to save the cost of service of the summons and additional copy of the complaint in this lawsuit by not requiring I be served with judicial process in this matter provided by Rule 4. I am authorized to acknowledge service and waive service on behalf of Irwin Levine.

I understand that a judgment may be entered against me (or the parties on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after January 5, 2011.

Chamlin, Rosen, Uliano & Witherington

Date: 1/5/11

By: _____
John T. Bazzurro, Esq.

1509363v4

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1509363v4